8548

## KEELS v. ATLANTIC COAST LINE R. R. CO.

1. EXCEPTIONS not alluded to in the argument of appellant are deemed withdrawn.

2. RAILROADS—SECTION MASTER—WILFULNESS.—From evidence tending to show a section master and his crew were coming in at the usual time and at a dangerous cut and curve, a freight train running at a dangerous and reckless rate of speed, approaching and passing a blow post without signals, that the engineer could have seen the section master and his car but did not slacken his speed, that the brakes on the lever car were defective and when the section master attempted to apply them they did not work, and that in attempting to get off the car the section master was injured, the jury might infer such an utter disregard of duty as to warrant a finding of wilfulness.

3. MASTER AND SERVANT—NEGLIGENCE.—It is the duty of the servant to obey the reasonable rules of the master, but failure to obey such rule must be the proximate cause of injury to the servant to relieve the master from liability.

4. RAILROADS.—A rule requiring a flagman to be sent ahead does not apply to a train approaching from behind.

5. MASTER AND SERVANT—TOOLS—A RULE of the master requiring a superior servant to inspect the tools of an inferior once a month and to throw away such as he condemned, and prohibiting the inferior from throwing aside those not condemned, supersedes a rule requiring the inferior to inspect.

6. IBID.—IBID.—ISSUES.—Where a rule is so plain that it needs no construction, whether it is applicable to the facts of a case is for the jury.

7. IBID.—IBID.—A MOVING LEVER CAR is not an obstruction in the sense of those rules of the master requiring notices to be sent out where a train for any reason is stopped on the track.

8. PUNITIVE DAMAGES—A plaintiff may withdraw a *claim* for punitive damages where there is no evidence to support it after evidence is all in and argument has begun and not withdraw the allegations of wilfulness.

Before COPES, J., Barnwell, April, 1912.     Affirmed.

Action by A. M. Keels against the Atlantic Coast Line Railroad Company, H. P. Guriner and T. E. White. Defendant, railroad company, appeals.

*Messrs. P. A. Willcox, S. G. Mayfield, Harley & Best* and *Lucian W. McLemore,* for appellant, cite: *Plaintiff was negligent in jumping from car:* 3 Elliott, secs. 1315c, 1315d, 1315e; 1 White Per. Inj., secs. 248, 249, 250, 251. *Liability of company for negligence:* Beach on Con. Neg. 442; 61 S. C. 489; 77 S. C. 331; 53 Am. St. R. 131. *Employees must obey rules:* 3 Elliott, secs. 1282, 1294; 1 White Per. Inj., sec. 265; 78 S. C. 357.

*Messrs. R. C. Holman, L. K. Sturkie, Best & Cunningham, Bates & Simms* and *J. O. Patterson, Jr.*

*Mr. Best* cites: *Plaintiff is absolved from charge of contributory negligence:* 61 S. C. 187, 565; 64 S. C. 494.

May 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for personal injuries. The plaintiff was a section master. The complaint alleges that the plaintiff was returning from his work on defendant's track and in the discharge of his duties, had to pass through a long, deep cut and curve, and when the plaintiff and his colaborers had passed through the said cut and curve for a distance of several hundred yards, the plaintiff discovered the approach of an extra freight train, running at a rapid, careless, negligent and reckless rate of speed, and thereupon the plaintiff ordered one of the section hands to immediately apply the brakes in order to stop the car so that they could alight in safety and remove the said car from the track in order to save the property of the defendant company and other persons from bodily harm. But brakes on said lever car failed to work and stop the car, and that there-

upon the plaintiff realizing that said brakes would not work and that said car could not be stopped, and further perceiving that he was confronted with immediate peril and danger from a rapidly approaching freight engine and train, and in order to save himself from great bodily harm, attempted to get off of said lever car and as a result thereof he was struck and run over by the same and injured.

The negligence alleged was:

(a) Passing through the cut and curve without giving any signals of any sort.

(b) Refusing to slacken the speed of the train after they saw the peril of the plaintiff.

(c) Furnishing the plaintiff with a defective car in that the brake was defective.

(d) In failing to furnish a safe place to work in that the brake was defective.

The complaint alleged negligence, carelessness, recklessness and wilfulness and joined the engineer and roadmaster as codefendants with the railroad company.

The defendants put in a general denial and pleaded contributory negligence in that—

(a) Plaintiff failed to inspect his lever car.

(b) Plaintiff failed to keep a proper lookout for his own protection.

(c) Plaintiff was himself running at an excessive rate of speed.

The defendants moved for a direction of a verdict in favor of defendants, on the ground—

(1) That there was no evidence of negligence on the part of the defendants.

(2) That there was no evidence of wilfulness.

(3) That the evidence showed contributory negligence.

(4) That plaintiff's own negligence was the proximate cause of his injury.

The motion was refused and the jury rendered a verdict for the plaintiff. From the judgment entered upon this verdict, the defendants appealed.

There are seventeen exceptions in the case, and we will adopt appellant's grouping, but the first three being entirely omitted from the argument, are deemed abandoned.

The fourth exception is as follows: "His Honor erred, it is respectfully submitted, in overruling appellant's motion for direction of verdict made at the close of all the evidence; whereas, he should have granted the motion and directed the verdict for the reasons and upon the grounds urged in support thereof, as follows:

"(First) Because there is no evidence of negligence proximately causing or contributing to the plaintiff's accident or injury.

"(Second) Because there is no evidence of wilfulness or its equivalent proximately causing or contributing to plaintiff's accident and injury.

"(Third) Because plaintiff's accident and injury were contributed to by his own negligence as the proximate cause thereof.

"(Fourth) Because plaintiff's accident and injury were due to his own negligence as the proximate cause thereof."

This exception can not be sustained.

There was evidence that about the time in the afternoon when the accident occurred, section masters and their helpers might be expected to be on the track returning from their labors. That the hand cars used by them moved much slower than the trains and the train might overtake them. That there was a blow post near the curve. That the extra train was running very fast. That no signals were given by the train crew of their approach. That if the engineer had seen the lever car after it (the train) came round the curve, there was still time to stop before injury was done. That no effort was made to slacken the speed of the train. That

30—94

those on the lever car were in a position of great danger, and that their danger was easily apparent to the engineer. There was evidence that neither the engineer nor the conductor saw anything of the lever car or its occupants until they saw the section hands by the side of the road as they were passing them. There was evidence that the cut and curve was a dangerous place. If the jury believed that the respondent was on his way, in the discharge of his duties, to put up the lever car and that the extra train ran upon him suddenly without any warning and that a warning ought to have been given and would have been given by a reasonably prudent man; that the respondent with his car and laborers were in such a position that those in charge of the extra train must have seen him if they were looking ahead at all; then the jury could have inferred that there was such an utter disregard of the safety of themselves and others as would warrant a finding not only of negligence but of wilfulness.

Appellant coupled exception 17 with exception 4. Seventeen is also overruled.

The appellant groups exceptions 10, 11, 12, 15 and 16. These will have to be considered separately.

Exception 16: "His Honor erred, it is respectfully submitted, in refusing to charge appellant's sixteenth request as follows: 'I charge you that it was the duty of this plaintiff to become conversant with and obey the rules and special instructions of the defendant, Atlantic Coast Line Railroad Company, and if you find from the testimony that he failed to do so, or in not carrying out the rules of the company, he was injured, your verdict should be for the defendants.' The error being that the request contained a sound proposition of law applicable to the case and his Honor's refusal so to charge was prejudicial to appellant."

This exception can not be sustained for two reasons: The duty is to obey reasonable rules (see *Bussey* v. *Railway*, 78 S. C. 358) and the failure to obey the rule must be the

proximate cause of the injury. The request as made is not the law. The charge would have been misleading here. The duty to send a flagman before the car, could have had nothing to do in law or in fact, with an injury that came from behind.

This exception is overruled.

Exception Fifteen: "His Honor erred, it is respectfully submitted, in refusing to charge appellant's fifteenth request, as follows: 'I charge you rule 707, as follows: "Employees of every grade are warned to see for themselves, before using them, that the machinery or tools which they are expected to use are in proper condition for the service required; and if not to put them in proper condition, or to see that they are so put, before using them. The company does not wish, nor expect, its employees to incur any risks whatever from which, by exercise of their own judgment and by personal care, they can protect themselves, but enjoins them to take time in all cases to do their duty in safety, whether they may, at the time, be acting under orders of their superiors or otherwise." I charge you that under this rule, it was the duty of the plaintiff to use reasonable care to have the lever car in his charge in safe condition, either by repairing it himself, if there was any defect in it, or by bringing the defect, if any, to the attention of his superior, if there was such superior, to whom he could make such report.' · The error being that the request contained a sound proposition of law applicable to the case and his Honor's refusal so to charge was prejudicial to appellant."

This exception cannot be sustained.

It is true that rule 707 required the respondent to inspect his machinery before using it, but rule 1001 required the roadmasters to inspect tools of each section monthly and condemn such as are unfit for use and provides further that no tools should be thrown aside as worthless until condemned by them. There is no evidence that the roadmaster

had condemned this brake nor inspected it for a year.  His Honor could not, therefore, charge the jury that it was the absolute duty of the section master to repair the brake, which might have included throwing it aside.  Further, appellant in his argument said the rule is plain and needs no construction.  This is true.  All that was required was an application of the facts to the rule, and this was the province of the jury and not of the Judge. The Judge construes the rule, the jury applies the facts. To so charge would necessarily be a charge on the facts.

Exception Twelve: "His Honor erred, it is respectfully submitted, in refusing to charge appellant's fourteenth request, as follows: 'I charge you rule 1033, which is as follows: "Hand or push cars must not be used except in company's business; and never after dark, except by special authority of the roadmaster.  Neither will they be allowed on track in cloudy or foggy weather when objects one-half mile distant cannot be distinctly seen. They must not be run around curves without a flagman well in advance and must not be attached to trains in motion." I construe this rule to mean that it was the duty of this plaintiff to not only have a flagman well in advance of his hand car or lever car when running around curve or curves, but also that under rule 99 it was encumbent upon him to leave the proper signals behind him, as required in rule 99, so as to notify an engineer or operator of a train that he, with his crew, were on a hand car in front.'  The error being that the request contained a sound proposition of law applicable to the case and his Honor's refusal so to charge was prejudicial to appellant."

This exception can not be sustained.

Rule 1033 has nothing to do with this case.  The absence of a flagman in front of the car had nothing to do with the injury caused by being run down from the other way.  Rule 99 is in reference to a train that stops or is delayed on the track and has nothing to do with this case.

Exception Ten: "His Honor erred, it is respectfully submitted, in refusing to charge appellant's twelfth request, as follows: 'I charge you rule 1021, as follows: "They must never obstruct the track in any way whatever, without first conspiciously (see rule 99) displaying stop signals at least 900 yards in both directions.' I also charge you rule 99, as follows: "When a train stops or is delayed, under circumstances in which it may be overtaken by another train, the flagman must go back immediately with stop signals a sufficient distance to insure full protection. When recalled he may return to his train, first placing two torpedoes on the rail, and planting a lighted fusee on the track, when the conditions require it. The front of a train must be protected in the same way, when necessary, by the fireman." I construe the above rules to mean that it was the duty of the plaintiff to give the proper signals so as to notify and put on notice all trains that were behind him, or his section car, by putting two torpedoes on the rail or planting a lighted fusee on the track.' The error being that the request embodied a sound proposition of law applicable to the case and his Honor's refusal to grant the request was prejudicial to appellant.

Exception Eleven: "His Honor erred, it is respectfully submitted, in refusing to charge appellant's thirteenth request, as follows: 'I charge you rule 1022, as follows: "Special trains or engines may pass over the road at any time without previous notice, and they will always be prepared for them. Anything that interferes with the safe passage of trains is an obstruction." I charge you rule 1023, as follows: "They are permitted to use the tracks when making repairs to within fifteen minutes of the time of passenger trains, and to within ten minutes of the time of freight trains, but invariably under protection of stop signals." I also charge you rule 1024, as follows: "During heavy rains and storms they must take every precaution to prevent accident. Sufficient force must be placed on duty

watching or repairing damage. Where safety of trains is involved additional force may be employed to put the track in safe condition. Men must be assigned to watching along those sections of track which seem likely to be washed out; they must be supplied with proper flags, lamps and torpedoes for stopping trains, and must be instructed how to use them." I construe the above mentioned rules to mean it was the duty of the section foreman to look out for both special and regular trains and engines, and to have properly protected himself and section hands against them, as required in rule 99, I also contrue the above mentioned rules to mean that a hand or lever car in charge of a section foreman to be an obstruction, as stated in said rules.' The error being that the request contained a sound proposition of law applicable to the case, and his Honor's refusal so to charge the jury was prejudicial to appellant."

If appellant's construction of these rules is correct, the necessity to restrict, the necessity for obedience to rules, to reasonable rules, is apparent.

The appellants ask the Court to hold that a lever car on the track is an obstruction, and that when the track is obstructed there must be signals displayed 900 yards in both directions. Now, this lever car was not standing on the track, but in motion. This would require moving signals 900 yards in front and 900 yards behind a lever car every morning and every evening. A lever car is not as much of an obstruction as a train. A standing lever car is an obstruction within the meaning of the rule, but a moving lever car is not.

Exception Five: "His Honor erred, it is respectfully submitted, in allowing plaintiff's attorneys, over appellant's objection, to withdraw, or attempt to withdraw, from the consideration of the jury the cause of action for punitive damages, because such motion was not made until the conclusion of the case when plaintiff had had the benefit of the cause of action at all times during

the trial and had exercised the privilege of presenting in the arguments of two of his counsel before the jury the right of the jury to inflict upon appellant a verdict for punitive damages."

Exception Six: "His Honor erred, and, it is respectfully submitted, abused his discretion, in allowing plaintiff's attorneys, over appellant's objection, to withdraw, or attempt to withdraw, from the consideration of the jury the cause of action for punitive damages because such motion was not made until the conclusion of the case when plaintiff had had the benefit of the cause of action at all times during the trial and had exercised the privilege of presenting in the argument of two of his counsel before the jury the right of the jury to inflict upon appellant a verdict for punitive damages."

These exceptions can not be sustained.

If there were no evidence upon which punitive damages could be based, it would be different, but there was such evidence and the appellants can not complain that plaintiffs have remitted a part of their demand.

The plaintiff did not withdraw the allegations of recklessness and wilfulness, but only stated that they withdrew a claim for punitive damages. Wilfulness is still in question in order to offset the defense of contributory negligence.

The judgment of this Court is that the judgment appealed from is affirmed.

MR. JUSTICE WOODS *concurs in the result.*